Charles A. Loreto, J.
The alleged malpractice occurred on February 4,1950. Suit was commenced five days prior to expiration of the two-year Statute of Limitations. Plaintiff’s bill of particulars was served on June 10, 1953. When the action was in a Trial Part on November 27, 1959, plaintiff’s trial attorney indicated that he intended to move to amend plaintiff’s pleading. The trial was adjourned to permit this application to be made at Special Term.
The plaintiff now seeks to increase the ad damnum from $50,000 to $100,000. This amendment is allowed. For the injuries indicated if causally connected with the negligence or malpractice charged, without additional medical affidavit, are of such a grievous nature to justify a plea to the jury for the higher award.
Plaintiff’s attorney states that on the eve of trial he learned that one Sarah Moore, an employee of defendant, in attendance during the shock treatment or post-shock period of plaintiff, had herself received psychiatric treatment and therefore it is essential for plaintiff to amend his complaint and bill of particulars to include an allegation that the defendant hired incompetent employees and particularly said Sarah Moore.
With respect to this proposed amendment, there are valid objections of laches and prejudice. Also there is a failure to show that the alleged incompetence of the employee was the cause of any injuries sustained by the plaintiff. There can be no doubt that the injection in the trial of the history of psychiatric treatment of said employee unless her conduct is connected with plaintiff’s injuries would be highly prejudicial to the defendant. In addition the defendant asserts that the present whereabouts of the employee Sarah Moore is unknown. Whether, if available, she would be a witness needed or helpful on the trial for the defendant, if such an amendment were allowed, would be a matter of speculation. It is now nearly 10 years since the alleged occurrence. A defendant has a right to know within a reasonable time what he is charged with in order to be in a position to prepare his defense. Such a protracted *232 delay as is here presented, whatever the reason, in seeking a radical change or addition to the charge of negligence, militates against the exercise of the court’s discretion to allow it. Moreover, on the papers before the court it cannot be said that the delay is excusable. Diligent attorney’s attention to the client’s cause would have much earlier learned on what charges to bottom plaintiff’s cause. For the foregoing reasons this branch of the motion is denied.
Settle order.